Carl A. Jacobson, pro se
Lewelyn D. Fidler, pro se
210 W. 100 N.
Castle Dale, Utah 84513
(435) 749-2463
Carljacobson1959@gmail.com

FILED US District Court-UT
JUL 19 '21 PM04:18

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CARL ALLEN JACOBSON, an individual, LEWELYN FIDLER, an individual,<br><br>Plaintiffs<br><br>v.<br><br>EMERY COUNTY, a governmental entity, EMERY COUNTY SHERIFF'S OFFICE, a governmental entity, EMERY COUNTY ATTORNEY'S OFFICE, a government entity, OFFICER SILVAN WARNICK, in his official and individual capacities, OFFICER ALLEN ROBINS, in his official and individual capacities, and DOES 1-10,<br><br>Defendants. | **CIVIL RIGHTS COMPLAINT:**<br><br>**42 U.S.C. § 1983: SECOND, FOURTH AND FOURTEENTH AMENDMENTS**<br><br>**UTAH CONSTITION: ARTICLE I, §§ 1, 6, 7, and 14**<br><br>**JURY TRIAL DEMANDED**<br><br>Case: 4:21-cv-00076<br>Assigned To : Nuffer, David<br>Assign. Date : 7/19/2021<br>Description: Jacobson et al v Emery County et al |

Plaintiffs Carl Jacobson and Lewelyn Fidler ("Plaintiffs") hereby file the following Complaint

against Defendants Emery County, Emery County Sheriff's Office, Emery County Attorney's Office,

Officer Silvan Warnick, Officer Allen Robins, as well as Does 1-10, whose identities may be later

determined:

### JURISDICTION AND VENUE

1.      This is an action for injunctive relief and damages pursuant to 42 U.S.C. § 1983 based

upon the continuing violations of Plaintiffs' rights under the First, Second, Fourth, and Fourteenth

Amendments to the United States Constitution. Jurisdiction exists pursuant to 28 U.S.C. § 1331 and

1

1343 based on 42 U.S.C. §1983 and questions of federal constitutional law. Jurisdiction also exists under the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a) and 2202. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. §1367.

2.      Venue is proper in the District of Utah, as the conduct at issue took place in Emery County.

3.      The Court has jurisdiction to hear this matter, and the venue is proper.

## PARTIES

4.      Plaintiff CARL ALLEN JACOBSON is a resident of the state of Utah. Plaintiff is an individual, who has lived and resided in Emery County.

5.      Plaintiff LEWELYN FIDLER is a resident of the state of Utah. Plaintiff is an individual, who has lived and resided in Emery County.

6.      Defendant EMERY COUNTY is a county operating pursuant to the laws of the State of Utah.

7.      Defendant EMERY COUNTY SHERRIF'S OFFICE is a governmental entity operating pursuant to the laws of the State of Utah.

8.      Defendant EMERY COUNTY ATTORNEY'S OFFICE is a governmental entity operating pursuant to the laws of the State of Utah.

9.      Defendant SILVAN WARNICK is a police officer.

10.     Defendant ALLEN ROBINS is a police officer.

11.     Defendants whose names and identities are unknown are sued herein under the names Does 1 to 10 (hereinafter "Does"). Plaintiff is informed and believes, and on that basis, alleges that the Doe defendants are responsible in some manner for the damages and injuries hereinafter complained of. Plaintiff will amend this complaint and give notice to the Doe defendants upon learning of their names and capacities.

2

12.     Plaintiff is informed and believes, and on that basis, alleges that at all times herein mentioned, each defendant was the agent, servant and employee of the other defendants and were acting at all times within the scope of their agency and employment and with the knowledge and consent of their principal and employer. At all times herein, defendants, and each of them, were acting under the color of state law.

### THE INCIDENT ON JULY 18, 2019

13.     On July 18, 2019, Mr. Fidler's (a disable Iraqi war veteran who is on oxygen) home located at the Esquire Estates Mobile Home Park was invaded by Defendants. Officers Warnick and Robins violently entered the premises of Mr. Fidler. The officers injured Mr. Fidler and began confiscating Mr. Fidler's property. Among this property were medications, his computer, several firearms, which Mr. Fidler had given to Mr. Jacobson, and other belongings.

14.     The officers arrived at Mr. Fidler's home at the request of Mr. Ifo, who had initiated eviction proceedings against Mr. Fidler – even though Mr. Fidler had the right to remain in his home. The officers, after peering into the home, saw Mr. Fidler in possession of his weapon that he was cleaning, and proceeded to break into the home and violently attack Mr. Fidler, without provocation. Mr. Fidler retreated and Defendant Warnick actively pursued Mr. Fidler. The assault began in the main entry of the home and continued until one of the officers threw Mr. Fidler to the ground.

15.     During this break in and assault, the officers tackled and injured Mr. Fidler, who was taken by ambulance to the hospital due to the illegal conduct of the Defendants. Mr. Fidler continues to be in pain from the violations committed by Defendants. Among the injuries that Mr. Fidler suffered by the hands of the officers included back injuries, injuries to his spine, neck and other bodily injuries.

16.     While at Mr. Fidler's home, the officers stated that Mr. Jacobson was a restricted person who could not possess the firearms given to him by Mr. Fidler. Due to this, the firearms that

3

Mr. Fidler had directed to be given to Mr. Jacobson were left at the residence – and were not given to Mr. Jacobson. However, Mr. Jacobson was not a restricted individual at the time of this incident. Nothing precluded Mr. Jacobson from possessing the firearms that had been given to him by Mr. Fidler. Despite this, Defendants misrepresented this to both Mr. Fidler and Mr. Jacobson, and confiscated the firearms illegally. Defendants, for the purposes of injuring the plaintiffs, and violating their rights, misrepresented that Mr. Jacobson could not be in possession of the firearms that had been directed to him by Mr. Fidler. Defendant Emery County Attorney's Office coordinated with Defendant Emery County Sherriff's Office in wrongly and falsely claiming that the firearms could not be given to Mr. Jacobson, falsely citing to a non-existing restriction against firearms.

17.    Mr. Jacobson filed a letter to Emery County, seeking to have an investigation into this issue. The letter was quickly and summarily denied, despite the merits of his claims.

**FIRST CAUSE OF ACTION**
**Right to Be Secure From Unreasonable Seizures**
**42 U.S.C. § 1983 – First and Fourth Amendments of the United States; Art. 1, §§ 1 and 14, Utah Constitution**

18.    Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

19.    Defendants and their employees and agents violated Plaintiffs' First and Fourth Amendment rights to be free from unreasonable seizure of their property by confiscating Plaintiffs' property without a warrant.

20.    Plaintiff sues for violations to the First and Fourth Amendments to the United States Constitution rights to property and rights to be protected by unreasonable searches.

21.    At all times herein mentioned, EMERY COUNTY and Defendants authorized and ratified the wrongful acts of the individual defendants. The individual defendants' wrongful conduct was the result of policies, practices and customs of the aforementioned defendants to subject persons to outrageous and unreasonable seizures and dehumanizing abuse and to coverup incidents of

4

excessive or unreasonable force by its deputies. Furthermore, Plaintiffs' constitutional rights were violated as a proximate result of the aforementioned Defendants' deliberate indifference in the training and supervision of its officers. Defendants are also liable for the failure to train their employees where the failure to train amounts to deliberate indifference to the rights of inmates, such as plaintiffs with whom those employees are likely to come into contact.

22.    The defendants acted in reckless disregard for Plaintiffs' rights constituting willful violations of the First and Fourth Amendments to the Constitution of the United States.

23.    As a direct and proximate result of defendants' foregoing wrongful acts, plaintiffs have been hurt and/or injured in health, activity all of which have caused and continue to cause great mental, physical and nervous pain and suffering, hardship, anxiety, distress and anguish.

24.    In doing the foregoing wrongful acts, defendants acted in reckless and callous disregard for the constitutional rights of Plaintiffs. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

25.    Defendants subjected Plaintiffs to conduct that occurred under color of state law.

26.    This conduct deprived Plaintiffs of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution, as well as the Utah Constitution.

## SECOND CAUSE OF ACTION
### Right to Due Process of Law
**42 U.S.C. § 1983 Fourteenth Amendments of the United States; Art. I, § 7 Utah Constitution**

27.    Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

28.    Plaintiffs sue for violations to the Fourteenth Amendment to the United States Constitution right to due process of law.

29.     At all times herein mentioned, the EMERY COUNTY and Defendants authorized and ratified the wrongful acts of the individual defendants. The individual defendants' wrongful conduct was the result of policies, practices and customs of the aforementioned defendants to subject persons to outrageous and unreasonable seizures and dehumanizing abuse and to coverup incidents of excessive force by its deputies. Furthermore, Plaintiffs' constitutional rights were violated as a proximate result of the aforementioned defendants' deliberate indifference in the training and supervision of its officers. Defendants are also liable for the failure to train their employees where the failure to train amounts to deliberate indifference to the rights of inmates, such as plaintiff with whom those employees are likely to come into contact.

30.     The defendants acted in reckless disregard for Plaintiffs' rights constituting willful violations of the Fourteenth Amendment to the Constitution of the United States.

31.     As a direct and proximate result of defendants' foregoing wrongful acts, plaintiff has been hurt and injured in his health, activity all of which have caused and continue to cause him great mental, physical and nervous pain and suffering, hardship, anxiety, distress and anguish.

32.     In doing the foregoing wrongful acts, defendants acted in reckless and callous disregard for the constitutional rights of plaintiff. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual defendant (but not the entity defendants, which are immune from such damages) in an amount adequate to punish the wrongdoers and deter future misconduct.

33.     Defendants subjected Plaintiffs to conduct that occurred under color of state law.

34.     This conduct deprived Plaintiffs of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution, as well as the Utah Constitution.

## THIRD CAUSE OF ACTION
### Right to Bear Arms
**42 U.S.C. § 1983 - Second Amendment of the United States; Art. 1, § 6, Utah Constitution**

35.     Plaintiffs reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

36.     Defendants and their employees and agents violated Plaintiffs' Second Amendment rights to possess firearms.

37.     Plaintiff sues for violations to the Second Amendment to the United States Constitution right to bear arms.

38.     At all times herein mentioned, the COUNTY OF EMERY and the SHERIFF'S DEPARTMENT authorized and ratified the wrongful acts of the individual defendants. The individual defendants' wrongful conduct was the result of policies, practices and customs of the aforementioned defendants to subject persons to outrageous and unreasonable seizures and dehumanizing abuse and to coverup incidents of excessive force by its deputies. Furthermore, plaintiffs' constitutional rights were violated as a proximate result of the aforementioned defendants' deliberate indifference in the training and supervision of its officers. Defendants are also liable for the failure to train their employees where the failure to train amounts to deliberate indifference to the rights of inmates, such as plaintiff with whom those employees are likely to come into contact.

39.     The defendants acted in reckless disregard for plaintiffs' rights constituting willful violations of the Second Amendment to the Constitution of the United States.

40.     As a direct and proximate result of defendants' foregoing wrongful acts, plaintiff has been hurt and injured in his health, activity all of which have caused and continue to cause him great mental, physical and nervous pain and suffering, hardship, anxiety, distress and anguish.

41.     In doing the foregoing wrongful acts, defendants acted in reckless and callous disregard for the constitutional rights of plaintiff. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

41.    In doing the foregoing wrongful acts, defendants acted in reckless and callous disregard for the constitutional rights of plaintiff. The wrongful acts were willful, oppressive, fraudulent and malicious, thus warranting the award of punitive damages against each individual defendant in an amount adequate to punish the wrongdoers and deter future misconduct.

42.    Defendants subjected Plaintiffs to conduct that occurred under color of state law.

43.    This conduct deprived Plaintiffs of rights, privileges, or immunities guaranteed under federal law or the U.S. Constitution, as well as the Utah Constitution

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

(a) Compensatory general and special damages according to proof, which damages are in excess of $75,000;

(b) Exemplary and/or punitive damages against the defendants, according to proof, which damages are in excess of $75,000

(c) Reasonable attorneys' fees and expenses of litigation as provided for by 42 U.S.C. § 1988 and whatever other provision of law may be applicable;

(d) Costs of suit necessarily incurred herein; and,

(e) Such further relief as the court deems just or proper.

DATED on July 19, 2021.

Carl A. Jacobson

Lewelyn D. Fidler

8